# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Maurice Jackson,

              Plaintiff,        Case No. 18-cv-10259

v.                                 Judith E. Levy
                                 United States District Judge

International Union, United
Automobile, Aerospace and      Mag. Judge R. Steven Whalen
Agricultural Workers Of America,
et al.,

              Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [10 AND 13] AND GRANTING MOTION TO WITHDRAW AS COUNSEL [21]

      This is a case of alleged discrimination and retaliation. Plaintiff Maurice Jackson alleges that his former employer and union violated 42 U.S.C. §1981 ("Section 1981") when they settled a grievance arising out of his termination from the company. The matter before the Court is defendants' motions to dismiss the complaint as time barred under the applicable statute of limitations. (Dkts. 10, 13.)

    **I.**     **Background**

Plaintiff worked for Severstal Dearborn, LLC, now A.K. Steel Corporation ("the company defendant") beginning in 1999. (Dkt. 1 at 21.) In early 2013, the company defendant became aware that scarfing department and slab yard department employees were re-entering company grounds at various times during their shift without ever clocking out or requesting leave. (Dkt. 1 at 7.) The company defendant conducted an investigation of possible time theft by analyzing several months of gate swipe records for all employees in the scarfing and slab yard departments.

The company defendant found that the practice of re-entering company grounds during a shift was widespread, and included nearly all employees in the scarfing and slab yard departments. The company defendant found that all 17 of 17 scarfing employees and 32 of 33 slab yard employees swiped into the facility during their shifts.

The company defendant determined that it would terminate those employees whose swipe-ins took place within the last hour of the employee's shift. (Dkt. 20 at 11.) Only one of the terminated employees was white, and the rest were African American. (Dkt. 1 at 7-8.)

Plaintiff, who is African American (Dkt. 1 at 8), was terminated on July 9, 2013. (Dkt. 20 at 7.)

On August 20, 2013, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR"). (Dkt. 1 at 12.) The other five African American employees who were terminated also filed similar claims. (*See Thomas v. Int'l Union, UAW*, No. 16-11447 (E.D. Mich., filed April 21, 2016)).

On October 25, 2013, the company defendant and International Union, United Automobile, Aerospace and Agricultural Workers of America, UAW Local 600 ("the union defendants") entered into a letter agreement, which would settle and resolve plaintiff and other terminated employees' grievances (the "October 25, 2013 letter agreement"). (Dkt. 1 at 13.) The October 25, 2013 letter agreement stated in relevant part:

> Grievant agrees to request the withdrawal of any pending charges or complaints filed and agrees not to file, or authorize the filing in his name or on his behalf, of any additional charges or complaints arising out of his discharge or this grievance processing and settlement with the Equal Employment Opportunity Commission, the Michigan Department of Civil Rights, the National Labor Relations

Board or any other administrative agency; and agrees that no monetary or other relief may be awarded to Grievant or for Grievant's benefit as a result of any administrative proceeding of such charge or complaint. (Dkt. 1 at 14.)

Plaintiff refused to sign the October 25, 2013 letter agreement when it was first offered. Later, on January 24, 2014, plaintiff changed his mind, and signed the October 2013 proposed settlement in order to be reinstated with the company. (Dkt. 1 at 15.)

On January 24, 2014, plaintiff also signed a Settlement and Release Agreement which stated, in relevant part:

> In consideration for the covenants and conditions contained in the Agreement, and conditioned upon the MDCR's acceptance of Employee's request to withdraw his pending charge of discrimination (MDCR Contact #446305), Employee and Severstal agree to the following terms:
> . . .
> b.   Employee agrees to request the withdrawal of all pending charges or complaints filed by him or on his behalf (including his MDCR Complaint) . . . and agrees not to file, or authorize the filing in his name or on his behalf, of any additional charges, complaints, or appeals arising out of his termination for theft of time by Severstal . . .
>
> c.   The Agreement . . . is made in conjunction with the parties' settlement of claims before the MDCR and is contingent upon the MDCR's acceptance of the withdrawal of Employee's pending charge of discrimination. . .

4

(Dkt. 1 at 15-16.)

That same day, plaintiff withdrew his claim from the MDCR. On February 6, 2014, plaintiff signed the Reinstatement Employment Waiver and was reinstated at the company. (Dkt. 1 at 16.)

On January 23, 2018, plaintiff filed this complaint against the defendant company and the unions who handled his grievance. (Dkt. 1.) He alleges that both the company and union defendants violated Section 1981 by discriminating on the basis of race and retaliating when they "condition[ed] the reinstatement of [plaintiff's] employment on his request to withdraw pending discrimination claims and agreement not to file any additional civil rights charges or complaints arising from the discharge of his employment."[1] (Dkt. 1 at 22.) In other words, plaintiff alleges that the October 2013 letter agreement's requirement that he drop his EEOC and MDCR claims violates Section 1981.

Both the company and union defendants filed motions to dismiss (Dkts. 10, 13.) Both defendants argue that plaintiff's complaint is time

---

[1] Plaintiff originally brought a second count against the union only. (Dkt. 1 at 23.) Plaintiff agreed to dismiss his second count against the union defendants, acknowledging that this count is time-barred. (Dkt. 15 at 25.)

5

barred under the applicable statute of limitations. The company defendant also argues that plaintiff's complaint fails to state a claim for retaliation under Fed. R. Civ. P. 12(b)(6). Because plaintiff's complaint is time barred by the applicable statute of limitations, the Court need not address whether his complaint failed to state a claim for which relief can be granted. Accordingly, defendants' motions to dismiss (Dkts. 10 and 13) are granted.

## II. Standard of Review

Defendants filed their motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.' " *Helmka v. Curley*, 2012 W.L. 3020037 at *1 (E.D. Mich. 2012) (*quoting New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003) (*and quoting Ott v. Midland–Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975)); *see also Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir.1945) (stating that "[t]he defense of the statute of limitations is covered by [Rule 12(b) ](6), and therefore is properly

6

raised by motion"). "What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Helmka, supra* 2012 W.L. 3020037 at *1 (*quoting Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999).

### III. Discussion

Plaintiff brings this case as a retaliation and race discrimination claim under Section 1981. 28 U.S.C. §1658(a) governs the time limitations for civil actions arising under congressional law: "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the cause of action accrues." *Id*. In *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court held that a Section 1981 cause of action is "governed by §1658's 4-year statute of limitations." *Id*. at 382. Plaintiff does not contest that the four-year statute of limitations applies to this case. (Dkts. 15 at 8, 17 at 17.)

Plaintiff alleges that the October 25, 2013 letter agreement conditioned his reinstatement on his agreement to drop his then-pending EEOC and MDCR claims. (Dkt. 1 at 22.) Consequently, the four-year statute of limitations arose as of October 25, 2013, and

7

expired on October 25, 2017. Plaintiff did not file his complaint until January 23, 2018. (Dkt. 1.) Therefore, plaintiff's complaint is time-barred.

Plaintiff argues in response that his cause of action did not arise until January 24, 2014, which is the date that plaintiff signed the October 25, 2013 letter agreement and Settlement and Release Agreement. Alternatively, plaintiff argues that his claim arose on February 6, 2014, which is the day that plaintiff signed the Reinstatement and Employment Waiver, and was reinstated at the company. Under plaintiff's theory, the statute of limitations clock did not expire until January 24, 2018, at the earliest, and February 6, 2018, at the latest.

For Section 1981 cases, the cause of action arises "at the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Grain v. Trinity Health*, 431 Fed. Appx. 434 at 439 (6th Cir. 2011) (*citing Chardon v. Fernandez*, 454 U.S. 6, 9 (1981) (holding that a Section 1981 claim accrued when a professor was denied tenure because of race discrimination, not when his employment was later terminated as a consequence of the denial)).

In this case, the terms of the October 25, 2013 letter agreement are the very basis for plaintiff's case. Plaintiff alleges that defendants' "materially adverse actions" required to bring a case under Section 1981 include "intentionally and unlawfully conditioning the reinstatement of Jackson's employment on his request to withdraw pending discrimination claims . . ." (Dkt. 1 at 22.) The alleged retaliatory act is necessarily defendants' October 25, 2013 letter agreement. When plaintiff signed the agreement, the consequences of the 2013 letter agreement became "painful." For this reason, the statute of limitations clock began on October 25, 2013, and expired on October 25, 2017, and plaintiff's January 23, 2018 complaint is time-barred.

Plaintiff argues that his case is similar to *Green v. Brennan*, 136 S. Ct. 1769 (2016). In *Green*, the Supreme Court held that the statute of limitations on a constructive discharge claim begins to run on the date the employee informed his employer of his resignation. *Id*. at 1776. In other words, the cause of action arose after alleged discriminatory acts had already taken place. But *Green* is not analogous to this case. In *Green* the question presented to the Court was whether the statute of limitations began to run at the time of the discriminatory conduct, or on

the date the employee finally resigns. *Id.* at 1777. Moreover, in *Green*, the Court relied upon what is referred to as the "standard rule for limitations periods," which provides that a limitations period ordinarily begins to run "when the plaintiff has a complete and present cause of action." *Id.* at 1776 (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 507 U.S. 258, 267 (1993)). Plaintiff in this case never alleged constructive discharge and this case involves completely different facts from *Green*. (Dkt. 20.) Here there was a single act, the October 25, 2013 letter agreement that is the alleged discriminatory and retaliatory action by the defendants. Accordingly, plaintiff's argument that his cause of action arose on January 24, 2014, or alternatively February 6, 2014, is unpersuasive.

Finally, plaintiff seeks leave to amend his complaint in his responses to defendants' motions to dismiss. (Dkts. 15 at 24, 17 at 34.) Plaintiff wishes to provide more information to the Court to withstand a Fed. R. Civ. P. 12(b)(6) motion on the merits. Since plaintiff's claim is dismissed separate from the merits, the Court need not analyze whether plaintiff has properly requested leave to amend, or whether an amendment should be permitted.

## IV. Plaintiff's Counsel's Motion to Withdraw as Counsel is Granted

On June 15, 2018, plaintiff's counsel Steve Tomkowiak moved to withdraw as counsel in this case. Mr. Tomkowiak explained that he has accepted a new job and can no longer represent plaintiff. Neither plaintiff nor defendants oppose the motion. Accordingly, the motion to withdraw (Dkt. 21) is granted, and plaintiff will be given forty-five days to locate new counsel if he wishes to appeal this decision.

## V. Conclusion

In conclusion, defendants' motions to dismiss (Dkts. 10, 13) are GRANTED. Plaintiff's counsel's motion to withdraw (Dkt. 21) is GRANTED. In order to provide plaintiff with adequate time to find substitute counsel should he wish to continue to litigate this case, judgment will not be entered for sixty days after the date of this Order.

IT IS SO ORDERED.

Dated: July 2, 2018  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2018.

                                        s/Shawna Burns
                                        SHAWNA BURNS
                                        Case Manager